

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00175-CR

_____

JOHNNY EDWARDS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 3rd Judicial District Court
Anderson County, Texas
Trial Court No. 29656

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Johnny Edwards, an inmate in the Texas Department of Corrections, appeals from his conviction by a jury for assault of a public servant.[1]  The jury found alleged enhancements true, and assessed his punishment at seventy-five years' imprisonment, to run consecutive to the conviction he is presently serving.

Edwards' attorney on appeal has filed a brief which discusses the record and reviews the proceedings in detail.  Counsel has thus provided a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced.  This meets the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1981); and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief and a letter to Edwards on January 21, 2011, informing Edwards of his right to file a pro se response and of his right to review the record.  Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal.

Edwards filed a pro se response on April 21, 2011.  In his sixty-two-page missive, he complains about perceived inequities, improprieties in his prior convictions and their use as enhancements, about the way that the Texas Department of Criminal Justice handles inmates and their complaints, the use of force against him, alleged incompetence by his trial counsel, and a

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005).  We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue.  *See* TEX. R. APP. P. 41.3.

plethora of other matters.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record, and find no genuinely arguable issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). We, therefore, agree with counsel's assessment that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the judgment of the trial court.[2]

Jack Carter
Justice

Date Submitted:  May 12, 2011
Date Decided:  May 19, 2011

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* Tex. R. App. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68 of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 68.